UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:23-cv-00035-LLK

ADAM KELLY,                                                                                          PLAINTIFF,

v.

DAVID STEINMAN, *et al*,                                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Adam Kelly filed a complaint in Christian Circuit Court, Christian County, Kentucky, on August 25, 2022. [DN 1]. Plaintiff Adam Kelly alleges common law negligence; negligence *per se* under KRS §§ 189.290, 189.330, 189.338, 189.390; 601 KAR § 1:005, and 49 C.F.R. §§ 350 – 399; and negligent hiring, instructing, training, supervision, retention, and entrustment. [DN 1-1]. Defendants David Steinman and Timmons Logistics Group, LLC filed an answer on March 8, 2023. [DN 1-2]. AIU Insurance Company filed an intervening complaint and crossclaim on February 20, 2023. [DN 1]. This matter was removed to this Court on March 16, 2023. *Id*.

The parties consented to the jurisdiction of the undersigned magistrate judge's jurisdiction under 28 U.S.C. § 636(c). [DN 15, 16]. Defendants David Steinman, and TGL filed a partial motion to dismiss on March 16, 2023, to which Plaintiff Adam Kelly responded. [DN 6, 19]. Defendants replied on June 23, 2023. [DN 20]. The matter is now ripe for review.

For the reasons that follow, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [DN 6] is GRANTED in part and DENIED in part.

## I.   BACKGROUND

The factual allegations as set out in the Complaint [DN 1-1] and taken as true are as follows. On September 12, 2021, in Oak Grove, Kentucky, a motor vehicle driven by Plaintiff

1

Adam Kelly, and a tractor-trailer driven by Defendant David Steinman, collided at the intersection of Interstate 24 and Highway 41-A, causing injury to Plaintiff Kelly. [DN 1-1] at 6. Defendant Steinman drove a Peterbilt tractor-trailer owned and/or operated by Timmons Logistics Group, LLC ("TGL"). *Id.* Kelly alleges Steinman "failed to observe oncoming traffic traveling on Highway 41-A and yield the right of way," "violat[ing] state and federal statutes and regulations, including but not limited to KRS 189.290, KRS 189.330, 189.338, KRS 189.390, 601 KAR I :005 and 49 C.F.R. §§ 350-399." [DN 1-1] at ¶¶ 3, 7.

Kelly alleges that TGL "had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Steinman," and "to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe." *Id.* at ¶ 11. Plaintiff Kelly alleges TGL "violated state and federal statutes and regulations, including but not limited to KRS 189.224, 60 I KAR I :005 and 49 C.F.R. §§ 350~399." *Id.* at ¶ 14. Kelly further alleges "Defendant Timmons was negligent, careless and reckless with regard to the duties set forth above, causing serious injury to Plaintiff, for which it is directly liable." *Id.* at ¶ 13.

## II.   STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 556 (2007)). When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Iqbal*, 556 U.S. at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x. 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677–79).

## III.  DISCUSSION

Defendants Steinman and TGL filed a motion to dismiss the negligence *per se* and negligent entrustment, hiring, retention, and supervision claims. Mot. Dismiss [DN 6].

### A.  Count III: negligent entrustment, hiring, retention, and supervision

Defendants argue that Kelly fails to allege "that Steinman was unfit to drive a commercial vehicle because he was an unqualified or unsafe driver, or that he created an unreasonable risk of harm to others" or that TGL "should have known that Steinman was unfit to be a commercial driver at any point during the hiring process or while employed/retained with TLG." [DN 6] at 37. Defendants argue Kelly failed to allege any facts about Steinman's background and that "[e]very reference to TLG which alleges it negligently hired, trained, retained, supervised, and entrusted Steinman with a commercial motor vehicle, is a conclusory label." [DN 6] at 38.

Kelly responds that "allegation of the Plaintiff in the complaint allege that the Defendant failed to observe traffic and to yield the right of way to the entering the Plaintiff's lane of travel who was operating his vehicle on Hwy 41-A." [DN 19] at 67. As Defendants acknowledge in their reply, "Plaintiff has responded in opposition to this motion and only addressed the claims of negligence per se." [DN 20] at 72.

The Supreme Court of Kentucky has identified "the elements of negligent hiring and retention a[s]: (1) the employer knew or reasonably should have known that an employee was unfit for the job for which he was employed, and (2) the employee's placement or retention at that job created an unreasonable risk of harm to the plaintiff." *Ten Broeck Dupont, Inc., v. Brooks*, 283 S.W.3d 705, 733 (Ky. 2009) (citation omitted). "An employer may also be held liable for the negligent training or supervision of its employees—but 'only if he or she knew or had reason to know of the risk that the employment created.'" *Hensley v. Traxx Mgmt. Co.*, Nos. 2018-CA-000928-MR, 2018-CA-001213-MR, 2018-CA-001014-MR, 2020 WL 2297001, at *6 (Ky. App. May 8, 2020) (citation omitted).

This Court recently addressed nearly identical pleadings in *Seeman v. Copeland* and *Easterling v. Jones*. No. 5:20-cv-00027-TBR, 2020 WL 6434852 (W.D. Ky. Nov. 2, 2020); No. 1:20-cv-00182-GNS, 2021 WL 1723230 (W.D. Ky. Apr. 30, 2021). In *Seeman*, the plaintiff alleged the trucking company that owned the tractor-trailer involved in the car accident, negligently supervised and monitored the defendant driver. 2020 WL at *2. The plaintiff in "Seemann has not set forth any factual basis for the negligent hiring, training, entrusting, supervising, retaining, and/or contracting claims." *Id.* at *4. In *Seeman,* because "[t]here are no factual allegations to support this claim . . . Seemann's claims for negligent hiring, training, entrusting, supervising, retaining, and/or contracting must be dismissed." *Id.*

4

In *Easterling v. Jones*, this Court noted that "[o]ther courts in this circuit have illustrated, specifically, what minimal factual allegations are necessary for the plaintiff adequately to plead an 'employer knew or had reason to know of the risk created by the employee', beyond an assertion of the defendant's negligence." 2021 WL 1823230, at *3 (quoting *Warner v. Bob Evans Farms, Inc.*, No. 5:09-CV-63-KKC, 2010 WL 1451354, at *3 (E.D. Ky. Apr. 8, 2010)). This Court found that the plaintiff in "Easterling has not met this minimal requirement. The allegations do not contain sufficient factual content to support these claims" and granted Defendants' motion to dismiss. *Id*.

In *Seeman*, this Court allowed the plaintiff to file an amended complaint no later than fourteen days from the entry of the Order. *Seeman*, 2020 WL 643485, at *5. In *Easterling*, this Court allowed the plaintiff to "seek leave to amend this complaint" should the plaintiff "discover[] facts to support any of the claims." *Easterling*, 2021 WL 1723230, at *3.

In the matter before this Court, Kelly alleges that TGL "was negligent, careless and reckless" with regards to its' duties, but fails to provide any factual allegations to support this claim. Because of the legal standard required by *Iqbal* and *Twombly*, and consistent with this Court's precedent, Kelly's claims for negligent hiring, training, entrusting, supervising, retaining, and/or contracting must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Seeman v. Copeland*, No. 5:20-cv-00027-TBR, 2020 WL 6434852 (W.D. Ky. Nov. 2, 2020); *Easterling v. Jones*, No. 1:20-cv-00182-GNS, 2021 WL 1723230 (W.D. Ky. Apr. 30, 2021). The motion to dismiss Plaintiff's negligent entrustment, hiring, training, and supervision claim is granted. However, as the Court allowed in *Easterling*, Kelly may move for leave to amend his complaint should he discover facts to support this claim.

### B.  Count II: negligence *per se*

Defendants argue that Kelly's "complaint is devoid of any particularity of fact related to the alleged federal and state statutory violations." [DN 6] at 42. Kelly argues that he pleaded factual content and violation of two statutes, KRS §§ 189.290 (Operator of vehicle to drive carefully), 189.330 (Turning and right-of-way at intersections). [DN 19] at 67. In his complaint, Kelly alleged that "Defendant Steinman was turning Northbound from Interstate 24 onto Highway 41-A, he failed to observe oncoming traffic traveling on Highway 41-A and yield the right of way, and entered into the Plaintiff's lane of travel where Plaintiff's vehicle collided with Defendant's trailer, where it became lodged underneath." [DN 1-1] at ¶ 3. According to Plaintiff, "the Complaint alleges facts [that] are sufficient to establish grounds for the relief sought." [DN 19] at 69.

This Court agrees. Unlike the plaintiff in *Easterling*, who "merely cit[ed] 'Title 49 of the Code of Federal Regulations, part 300-399 and related parts,'" rather than a specific regulation, Kelly specified specific statutes and a factual content to support his allegation. *Easterling*, 2021 WL at *2. The motion to dismiss Plaintiff's negligence *per se* claim is denied.

## IV.  CONCLUSION

For the above stated reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [DN 6] is **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED.**

July 13, 2023

Lanny King, Magistrate Judge
United States District Court